```
                 UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION


NUTRIEN AG SOLUTIONS, INC.                        PLAINTIFF

VS.                       CIVIL ACTION NO. 3:20-CV-00143-TSL-RPM

SAM FARMS GENERAL PARTNERSHIP,
S&J FARMS GENERAL PARTNERSHIP,
MITCHELL G. WILLIS AND BRANDI WILLIS              DEFENDANTS
```

                              ORDER

    Plaintiff Nutrien AG Solutions, Inc. has moved for entry of
default as to all defendants pursuant to Rule 55 of the Federal
Rules of Civil Procedure.  The court, having considered the
motion, finds that it should be denied at this time, and that
plaintiff should be given additional time to serve process.

    On March 6, 2020, plaintiff filed its complaint in this
cause and summons was issued for defendants.  Under Federal Rule
of Civil Procedure 4(m), plaintiff had 90 days to serve process.
On June 5, plaintiff moved for an extension of time to serve
process.  In the motion, plaintiff described its numerous
unsuccessful attempts during the month of March to personally
serve defendants at their last known address, 202 St. Charles
Place, Vicksburg, Mississippi, and its further efforts to locate
an alternate address for defendants, which included mailing a
copy of the summons and complaint via certified mail in the hope

that there would be a forwarding address on file.  There was none, and the summons and complaint were returned to plaintiff unexecuted.  Plaintiff advised in its motion that it "next plan[ned] to petition the Court for leave to perfect service by publication pursuant to Miss. R. Civ. P. 4(c)(4) promptly upon the expiration of the 20-day period for receiving acknowledgement of service by mail provided in Miss. R. Civ. P. 4(c)(3)(B)."  By text order entered June 10, the court granted plaintiff an extension of time to August 5 to serve process.

On July 15-16, plaintiff filed proof of service, purporting to show that service had been made on defendants on June 7 via certified mail.  Plaintiff has now moved for entry of default as to all defendants, as none of them has filed an answer or otherwise taken action to defend the suit.  However, it is clear to the court that defendants have not been properly served with process, making entry of default improper at this time.

Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, it is plaintiff's responsibility to ensure that defendants are properly served with summons and a copy of the complaint. "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint." Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 937 (5th Cir. 1999); accord Broadcast Music, Inc. v. M.T.S. Enter., Inc., 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment

against him unless he has been served with process and properly brought before the court."). "Absent proper service of process, the court lacks personal jurisdiction over the defendants, and any default judgment against the defendants would [be] void." Walters v. Dixon Corr. Inst., 188 F. App'x 232, 233 (5th Cir. 2006) (citing Rogers, 167 F.3d at 940). The "propriety of the entry of default is thus dependent on the propriety of service." Pathway Senior Living LLC v. Pathways Senior Living LLC, No. 3:15-CV-2607-M, 2016 WL 1059536, *2 (N.D. Tex. Mar. 17, 2016).

Federal Rule of Civil Procedure 4(e) provides that a person may be served personally or as provided by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." "Rule 4(c) of the Mississippi Rules of Civil Procedure allows three methods of service upon Mississippi residents: (1) process server, (2) sheriff, and (3) first-class mail." Sanders v. Robertson, 954 So. 2d 493, 496 (Miss. Ct. App. 2007). "Because [defendants are] Mississippi resident[s], [plaintiff] could not use certified mail as an initial method of effecting service of process upon her." Id. (citing Triple "C" Transp., Inc. v. Dickens, 870 So.2d 1195, 1198-99 (Miss. 2004)).

Therefore, it is ordered that plaintiff's motion for entry of default is denied. It is further ordered that plaintiff

shall have an additional 60 days from this date to serve

process.[1]

    SO ORDERED this 14th day of August, 2020.


                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE

---

[1]    In their most recent attempt at service via certified mail, plaintiff has obtained a forwarding address for defendants.