# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 3:20-cv-00143-TSL-RPM |
| | * | |
| SAM FARMS GENERAL | * | |
| PARTNERSHIP, S & J FARMS | * | |
| GENERAL PARTNERSHIP, | * | |
| MITCHELL G. WILLIS, and BRANDI | * | |
| WILLIS, | * | |
| | | |
| Defendants. | | |

## PLAINTIFF'S MOTION FOR JUDGMENT UPON DEFAULT

Plaintiff Nutrien Ag Solutions, Inc., formerly known as Crop Production Services, Inc., by and through its undersigned counsel, moves this Court for entry of a judgment upon default against Defendants, Sam Farms General Partnership ("Sam Farms"), S & J Farms General Partnership ("S & J Farms"), Mitchell G. Willis, and Brandi Willis (collectively, the "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b). In support thereof, Plaintiff states as follows:

1.  On March 6, 2020, Plaintiff filed its Complaint (Doc. 1) against the Defendants.

2.  After repeated attempts at service on the Defendants and extensions of the deadline for service by the Court (*See* Docs. 6 and 11), Plaintiff perfected service on the Defendants October 5, 2020. Plaintiff filed its corresponding Proofs of Service (Doc. 12) with the Court on October 7, 2020.

3. On December 8, 2020, the Court entered a Default (Doc. 14) against the Defendants for their failure to plead or otherwise defend against the Complaint filed by Plaintiff.

4. As alleged with detail in the Complaint, and as set forth again in the Affidavit of Plaintiff attached hereto as **Exhibit A**, Plaintiff's action is for a breach of a promissory note which was executed by the Defendants on May 10, 2018 (the "Note"), owned and held by Plaintiff, and currently in default. *See Home Bank, N.A. v. George Tarver Operating Co., LLC,* No. 5:19-CV-28-DCB-MTP, 2019 WL 2870109, at *2 (S.D. Miss. Jul. 3, 2019) ("To recover on a promissory note, [Plaintiff] must show that (1) the defendant signed it; (2) [Plaintiff] is the present owner or holder; and (3) the note is in default.") (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

5. Plaintiff's action is also for a breach of certain guaranty agreements executed by Defendants Mitchell G. Willis and Brandi Willis (the "Guarantors") on March 20, 2016, whereby the Guarantors guaranteed payment of the Note in the event of a default. *See* Exhibit A. The Note is in default, a demand for payment has been made on Guarantors, and Guarantors have failed to pay the sums owed on the Note. *Id.*; *see also Hancock Bank v. Willow Springs Enterprises, Inc.*, No. 2:16-CV-108-KS-MTP, 2017 WL 388830, at *2-3 (S.D. Miss. Jan. 27, 2017) (granting summary judgment in favor of plaintiff where defendants executed guaranties, the guaranteed note was defaulted, demand for payment was made on guarantors, and guarantors failed to pay).

6. As the Defendants have been defaulted in this action, all well-pled allegations of Plaintiff's Complaint are deemed admitted. *Forman Perry Watkins Krutz & Tardy LLP v. Kelly Capital, LLC*, No. 2:11-CV-176-KS-MTP, 2011 WL 5983296, at *1

(S.D. Miss. Nov. 29, 2011) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

7. Plaintiff is currently owed the amounts set forth in Plaintiff's Affidavit attached hereto as Exhibit A**.**

8. Plaintiff's requested relief is for a "sum certain or a sum that can be made by certain computation," and, therefore, an evidentiary hearing is not required. Fed. R. Civ. P. 55(b)(1); *see also Miller v. Ledbetter*, No. 4:12cv00097 DPJ-FKB, 2013 WL 6817625, at *1 (S.D. Miss. Dec. 23, 2013) ("Typically, Rule 55(b)(1) is used in cases of default where the amount owed the plaintiff is easily established by reference to the pleading or a document incorporated in the pleading. For example, the plaintiff is owed a debt on a promissory note . . . .").

9. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to the loan documents attached to the Complaint. Plaintiff seeks to reserve its right to recover its attorneys' fees and costs until the Court issues a final judgment against Defendants.

WHEREFORE, Plaintiff prays for a final money judgment as to Counts I and II of its Complaint, including pre-judgment interest and expenses, attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 31st day of December, 2020.

> */s/ Robert B. McGinley, Jr.*
> ROBERT B. MCGINLEY, JR. (Miss. Bar #101687)
> *Attorney for Nutrien Ag Solutions, Inc.*

3

OF COUNSEL:

MCDOWELL KNIGHT ROEDDER
 & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of December, 2020, I served the foregoing on all parties of record by placing same in the United States mail, properly addressed and postage prepaid, as follows, and/or via the Court's electronic filing system.

    Sam Farms General Partnership
    1101 Monroe Street, Apt. 1
    Vicksburg, Mississippi 39183

    S & J Farms General Partnership
    1101 Monroe Street, Apt. 1
    Vicksburg, Mississippi 39183


    Mitchell G. Willis
    1101 Monroe Street, Apt. 1
    Vicksburg, Mississippi 39183

    Brandi Willis
    1101 Monroe Street, Apt. 1
    Vicksburg, Mississippi 39183

                                         */s/ Robert B. McGinley, Jr.*
                                         COUNSEL