# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CASE NO.: 3:20-cv-00143-TSL-RPM |
| | * |
| SAM FARMS GENERAL | * |
| PARTNERSHIP, S & J FARMS | * |
| GENERAL PARTNERSHIP, | * |
| MITCHELL G. WILLIS, and | * |
| BRANDI WILLIS, | * |
| | |
| Defendants. | |

## DEFAULT JUDGMENT

Pending before the Court is Plaintiff Nutrien Ag Solutions, Inc.'s, formerly known as Crop Production Services, Inc. ("Plaintiff"), Motion for Judgment Upon Default (Doc. 15). The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and having fully reviewed the matter, the Court finds that the relief requested is due to be **granted**.

### I. Background

On March 6, 2020, Plaintiff filed its Complaint (Doc. 1) against the Defendants, Sam Farms General Partnership ("Sam Farms"), S & J Farms General Partnership ("S & J Farms"), Mitchell G. Willis ("M. Willis"), and Brandi Willis (B. Willis") (collectively, the "Defendants"). After repeated attempts at service on the Defendants and extensions of the deadline for service by the Court (*See* Docs. 6 and 11), Plaintiff perfected service on the Defendants October 5, 2020. (Doc. 12).

In its Complaint, Plaintiff seeks to recover amounts owed on that certain promissory note executed by Defendants Sam Farms and S & J Farms and which is currently in default.

1

Plaintiff also seeks to recover amounts owed on the aforementioned note from Defendants M. Willis and B. Willis pursuant to certain personal guarantees they executed. The relevant financial instruments are attached to the Complaint and are held and owned by Plaintiff. The record also includes the affidavit of the Plaintiff's manager overseeing the Defendants' debts, Wendy Glass, describing the instruments and amounts due and attesting to the Defendants' default.

A Clerk's default was entered on December 8, 2020 (Doc. 14) against the Defendants after they were duly served but failed to respond to the Complaint.

## II. Discussion

"A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Defendants failed to plead or otherwise defend itself against Plaintiff's complaint, and the Clerk's office entered a proper default.

Based on the Defendants' default, the well-pled allegations of the Complaint are deemed admitted. *Forman Perry Watkins Krutz & Tardy LLP v. Kelly Capital, LLC*, No. 2:11-CV-176-KS-MTP, 2011 WL 5983296, at *1 (S.D. Miss. Nov. 29, 2011) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Therefore, the Court accepts the factual allegations of Plaintiff's Complaint as true. However, the entry of default "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "[F]ederal courts should not be agnostic with respect to the entry of default judgments,

2

which are generally disfavored in the law." *Id.* (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). "The Court must ensure that Plaintiff is entitled to judgment as a matter of law based on the admitted factual allegations of the Complaint." *Id.*

The Complaint and record demonstrate that on May 10, 2018, Defendants Sam Farms and S & J Farms ("Borrowers") executed and delivered to Plaintiff a promissory note in the initial principal amount of $204,840.45 (the "Note") (attached to the Complaint as Exhibit 1) with interest accruing at 9% per annum. Defendants M. Willis and B. Willis executed the Note as general partners of Defendants Sam Farms and S & J Farms, and as individual guarantors. Pursuant to the Note, Borrowers promised to pay the entire initial principal amount, plus accrued interest, on or before February 10, 2019. Pursuant to the Note, the initial principal amount and all accrued interest become immediately due and payable at Plaintiff's option in the event of Borrowers' default. Plaintiff alleges that the Borrowers defaulted on their obligations under the Note as of February 11, 2019, that all amounts owed under the Note are now immediately due and payable, that demand has been made on the Borrowers for the amounts owed, and that the Borrowers have failed to pay any of the amounts demanded. Since Borrowers' default, interest has accrued at the default rate of 18% per annum or $101.02 per day.

The Complaint and record further demonstrate that the Note was guaranteed by the Defendants M. Willis and B. Willis (the "Guarantors") pursuant to the Note and those certain "continuing unconditional guaranty" agreements executed on March 20, 2018 (the "Guarantees") and collectively attached to the Complaint as Exhibit 4. Pursuant to the Guarantees, the Guarantors "absolutely and unconditionally" guaranteed to Plaintiff "the full and prompt payment of all Borrowers' indebtedness" and satisfaction of Borrowers'

obligations under the terms of the Note. Following the Borrowers' default on the Note, Plaintiff demanded performance from Guarantors under the terms of the Guarantees. Plaintiff alleges that the Guarantors failed to comply with their obligation under the terms of the respective Guarantees.

Plaintiff provided the Court with 1) a copy of the Note in which Borrowers agreed to pay it $204,840.45 plus interest, and 2) a copy of the Guarantees in which the Guarantors agreed to fulfill Borrowers' obligations under the Note in the event of a default. Plaintiff alleged in the Complaint that Borrowers defaulted on its obligations under the Note, and by failing to respond, Borrowers admitted the same. *Kelly Capital,* 2011 WL at *1. Similarly, Guarantors admitted that they defaulted under the terms of the Guarantees. *Id.* Plaintiff provided an affidavit of its manager overseeing the Defendants' debts, Wendy Glass, in which she swore that as of December 15, 2020, Defendants owe $287,360.78 to Plaintiff, including accrued interest, pursuant to the terms of the Note and Guarantees.

Additionally, Plaintiff alleges that it is entitled to an award of reasonable attorney's fees and court costs pursuant to the loan documents attached to the Complaint. Pursuant to the terms of the Note, Plaintiff is entitled to "reasonable attorney's fees in the amount of twenty-five (25%) of the principal and interest due together with all court costs incurred" in the collection of the Note. Therefore, Plaintiff's claim to reasonable attorney's fees and court costs from the Defendants is proper.

In light of the above, there appears to be a sufficient basis in the pleadings for the requested judgment. *Id.*; *see also Home Bank, N.A. v. George Tarver Operating Co., LLC,* No. 5:19-CV-28-DCB-MTP, 2019 WL 2870109, at *2 (S.D. Miss. Jul. 3, 2019) ("To recover on a promissory note, [Plaintiff] must show that (1) the defendant signed it; (2)

[Plaintiff] is the present owner or holder; and (3) the note is in default.") (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)); *Hancock Bank v. Willow Springs Enterprises, Inc.*, No. 2:16-CV-108-KS-MTP, 2017 WL 388830, at *2-3 (S.D. Miss. Jan. 27, 2017) (granting summary judgment in favor of plaintiff where defendants executed guaranties, the guaranteed note was defaulted, demand for payment was made on guarantors, and guarantors failed to pay). Further, Plaintiff's claim is for "a sum certain or a sum that can be made certain by computation," and an evidentiary hearing is not required. Fed. R. Civ. P. 55(b). Therefore, Plaintiff's Motion for Judgment Upon Default is hereby **granted**.

### III.  Conclusion

For the reasons stated above, the Court hereby grants Plaintiff's Motion for Judgment Upon Default in the amount of **$372,102.20**. This amount includes principal and accrued interest in the amount of $297,361.76,[1] reasonable attorney's fees in the amount of $74,340.44 (twenty-five percent (25%) of principal and accrued interest), and $400.00 in court costs.

**SO ORDERED AND ADJUDGED this 25th day of March, 2021.**

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] This amount was calculated by adding $287,360.78, which was the amount due and owing as of December 15, 2020, with the per diem interest ($101.02) that has accrued from then until March 24, 2021, $10,000.98.